UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE LEMKE-VEGA,<br><br>    Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>    Defendant. | Case No. 23-cv-01408-DMR<br><br>**ORDER ON MOTION TO DISMISS AND/OR STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

In this lemon law case, Plaintiff Cheyenne Lemke-Vega alleges violations of state and federal law related to her July 2022 purchase of an allegedly defective 2019 Mercedes-Benz. Defendant Mercedes-Benz USA, LLC ("MBUSA") now moves pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) to dismiss and/or strike portions of the second amended complaint. [Docket No. 37.] This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is granted. The motion to strike is denied as moot.

**I.    BACKGROUND**

The second amended complaint ("SAC") contains the following allegations.[1] On July 18, 2022, Lemke-Vega purchased a 2019 Mercedes-Benz A220 ("the vehicle") from Mercedes-Benz of Walnut Creek, an MBUSA-authorized dealership and repair facility. [Docket No. 34 (SAC) ¶¶ 8, 17.] The total sale price was $62,427.04. *Id*. at ¶ 3, Ex. A (Retail Installment Sales Contract, "Sales Contract"). Lemke-Vega alleges that "[e]xpress warranties accompanied the sale of the Subject Vehicle . . . by which [MBUSA] undertook to preserve or maintain the utility or

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

performance" of the vehicle or to provide compensation in the event of "failure in such utility or performance." FAC ¶ 18. She further alleges that "the Subject Vehicle was sold with a 4-Year and 50,000 mile Basic Warranty, which covered the vehicle parts and powertrain, a Federal Emissions Performance/Control Warranty, which ran for 8-years and 80-000 [sic] miles, and a California Emissions Control Warranty, which ran for 7-years and 70,000-miles." *Id*. at ¶ 19.

The Sales Contract lists the vehicle as "used." Sales Contract 1. Lemke-Vega alleges that "it is unknown to [her] whether the vehicle was inspected and designated as 'Certified Pre-Owned' or a Demonstrator vehicle by" MBUSA and/or its dealerships. She further alleges that "it is unknown" "whether or not the vehicle was previously sold or registered to a consumer," and that she "intends to conduct discovery on the vehicle's ownership and registration history and amend her complaint at the time of trial in order to conform to proof." SAC ¶ 26.

Lemke-Vega appears to allege that a warranty manual containing an express warranty "was provided with" the vehicle. *Id*. at ¶ 20.[2] She alleges that the express warranty "comprised affirmations of fact and promises as to the quality of Defendant's goods and Defendant's promises to maintain said goods and conform said goods to a warrantable condition" and that these statements "comprised part of the basis of the bargain that was entered into" when Lemke-Vega purchased the vehicle. *Id*. at ¶¶ 21, 22. Lemke-Vega alleges that the vehicle had "serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty," including defects in the powertrain, engine, transmission, steering, and HVAC systems. *Id*. at ¶ 28. She alleges that she presented the vehicle for "warranty repairs" on July 26, 2022, August 4, 2022, September 30, 2022, November 1, 2022, December 10, 2022, and February 16, 2023 but "the vehicle still had not been conformed to warranty." *Id*. at ¶¶ 29-34, 37.

Lemke-Vega filed the complaint on March 24, 2023. MBUSA moved to dismiss the complaint and/or strike portions thereof. The court granted the motion to dismiss and denied the motion to strike as moot on May 22, 2023, and granted Lemke-Vega leave to amend. *Lemke-Vega v. Mercedes-Benz USA, LLC*, No. 23-CV-01408-DMR, 2023 WL 3604318 (N.D. Cal. May 22,

---

[2] Although the SAC states that a true and correct copy of the warranty manual is attached to the pleading as Exhibit C, there is no Exhibit C. *See* SAC ¶ 20.

2023). Lemke-Vega timely filed the first amended complaint ("FAC") and MBUSA again moved to dismiss. The court granted the motion to dismiss the FAC on September 12, 2023 and granted Lemke-Vega leave to amend, warning her to "plead her best case." *Lemke-Vega v. Mercedes-Benz USA, LLC* ("*Lemke-Vega II*"), No. 23-CV-01408-DMR, 2023 WL 5957175, at *6 (N.D. Cal. Sept. 12, 2023) (emphasis removed).

Lemke-Vega timely filed the SAC, alleging two claims for relief: 1) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310; and 2) breach of express warranty under California Commercial Code section 2313. MBUSA now moves to dismiss the SAC and/or strike portions thereof.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation marks omitted) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that "plausibly give rise to an entitlement to relief. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quotations and internal citations omitted).

### B. Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial, and such a motion may be appropriate where it will streamline the ultimate resolution of the action. *Fantasy*, 984 F.2d at 1527-28. "A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (citing *Fantasy*, 984 F.2d at 1528). "Motions to strike are regarded with disfavor [ ] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "The grounds for a motion to strike must appear on the face of the pleading under attack," and "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014) (citations omitted).

### III. DISCUSSION

#### A. Motion to Dismiss[3]

##### 1. Breach of Express Warranty- California Commercial Code[4]

California Commercial Code section 2313 sets forth the methods by which a seller creates

---

[3] Lemke-Vega submitted a declaration by her attorney in support of her opposition to the motion. [Docket No. 38-1 (Oppenheim Decl. Oct. 31, 2023).] The court cannot consider it. *See Lee*, 250 F.3d at 688 ("when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint." (cleaned up)).

[4] The parties agree that Lemke-Vega's MMWA claim "stand[s] or fall[s] with [her] express . . . warranty claim[ ] under state law." *See* Opp'n 12 (citing *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008)); Mot. 4. Accordingly, the court first addresses her state claim and then turns to the MMWA claim.

4

express warranties. In relevant part, it states:

> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.
>
> . . .

Cal. Com. Code § 2313(1)(a), (b). *See* Opp'n 5 (clarifying that Lemke-Vega's claim is under subsections (a) and (b)). "A plaintiff pleading a breach of express warranty claim must allege facts that sufficiently show: '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Scott v. Saraya USA, Inc.*, ---F. Supp. 3d---, No. 22-CV-05232-WHO, 2023 WL 3819366 (N.D. Cal. June 5, 2023) (quoting *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 853 (N.D. Cal. 2018)); *Hastings v. Ford Motor Co.*, 495 F. Supp. 3d 919, 924 (S.D. Cal. 2020) (same).

The court previously dismissed this claim on the ground that the FAC failed to allege facts to support the required elements. In particular, the court held that the FAC failed to "allege that MBUSA made 'statements constitute[ing] [sic] an affirmation of fact or promise or a description of the goods,'" did not "identify any . . . written warranties or include facts about their terms," and did not "allege that MBUSA issued such warranties," among other shortcomings. *Lemke-Vega II*, 2023 WL 5957175, at *5. The SAC does not remedy these deficiencies. The SAC's allegation about an express warranty is confusing: "The Express Warranty by Defendant, which was contained in the Warranty Manual, which was provided with the Subject Vehicle." SAC ¶ 20. The SAC then alleges that a copy of the warranty manual is attached as Exhibit C, but as MBUSA points out in its opening brief, the exhibit is not actually attached to the SAC. The SAC does not allege when the alleged express warranty was issued, who issued it, or what it covers, and offers no details about its terms. The SAC also alleges that the express warranty "comprised affirmations of facts and promises as to the quality of [MBUSA's] goods and [MBUSA's]

5

promises to maintain said goods and conform said goods to a warrantable condition," SAC ¶ 21, but this allegation simply parrots the language of the California Commercial Code without providing any details in support of the allegation or describing the relevant terms of the warranty.

The court also found that the FAC "fail[ed] to allege facts about how the warranty was breached, other than generally alleging that the vehicle 'suffered [unspecified] defects, malfunctions, and nonconformities covered by the Subject Vehicle's express warranties' and that 'Defendant failed to service or repair the Subject Vehicle to conform to the express written warranties . . .'" *Lemke-Vega II*, 2023 WL 5957175, at *5. The SAC, which repeats these allegations verbatim, *see* SAC at 8, ¶ 28, 30, fares no better. It adds allegations about several occasions on which Lemke-Vega presented the vehicle to MBUSA's authorized dealership and alleges that the dealership "performed warranty repairs" to various systems and "addressed [various issues] under warranty." *See* SAC ¶¶ 30-34. It is not clear how these allegations support an inference that MBUSA breached any express warranty; rather, they support the inference that MBUSA complied with any obligations under the warranty by addressing issues with the vehicle. The SAC also alleges that there were two occasions on which the dealership was "unable to duplicate" issues and so did not address them, *see* SAC ¶¶ 31, 32, but does not allege how these incidents constituted breaches of the alleged express warranty. Finally, the SAC alleges that "the vehicle still had not been conformed to warranty" and still suffered from defects, *see* SAC ¶ 37, but offers no details in support.

In sum, the SAC fails to state a claim for breach of express warranties under California Commercial Code sections 2313(1)(a) or (b). As Lemke-Vega has already been given an opportunity to amend the complaint to state a claim for breach of express warranties but failed to do so, and because in the last round, the court granted leave to Plaintiff to "plead her best case," the claim is dismissed with prejudice.

### 2. MMWA Claim

15 U.S.C. § 2310(d) provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and

6

other legal and equitable relief . . . ."

As noted, the parties agree that Lemke-Vega's MMWA claim stands or falls with her state law express warranty claim. The SAC fails to state a claim under the California Commercial Code. Accordingly, the MMWA claim is dismissed. As this is her second attempt to plead a claim under the MMWA, any further opportunity to amend would be futile. This claim is dismissed with prejudice.

### B. Motion to Strike

MBUSA moves to strike the SAC's claim for civil penalties under California's Song-Beverly Act on the ground that the court previously dismissed Lemke-Vega's Song-Beverly Act claim with prejudice. *See Lemke-Vega II*, 2023 WL 5957175, at *4. The motion to strike is denied as moot, as the court has concluded that the SAC fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, MBUSA's motion to dismiss is granted and the SAC is dismissed with prejudice. The motion to strike is denied as moot. The Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: February 2, 2024



Donna M. Ryu
Chief Magistrate Judge